IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**WARREN DURHAM, JR.,**               Case No. 1:18 CV 795

    Petitioner,                      Judge Solomon Oliver, Jr.

    v.                               Magistrate Judge James R. Knepp II

**WARDEN TIM BUCHANAN,**

    Respondent.                      **REPORT AND RECOMMENDATION**

### INTRODUCTION

*Pro se* Petitioner Warren Durham, Jr. ("Petitioner"), a prisoner in state custody, filed a Petition seeking a writ of habeas corpus under 28 U.S.C. § 2254 ("Petition"). (Doc. 1). Respondent Tim Buchanan, Warden of the Noble Correctional Institution ("Respondent"), filed an Answer (Doc. 8) and Petitioner filed a Reply (Doc. 10). The district court has jurisdiction over the Petition under § 2254(a). This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). (Doc. 5). For the reasons discussed below, the undersigned recommends the Petition (Doc. 1) be denied in its entirety.

### FACTUAL BACKGROUND

For the purposes of habeas corpus review of state court decisions, findings of fact made by a state court are presumed correct and can only be contravened if the habeas petitioner shows, by clear and convincing evidence, erroneous factual findings by the state court. 28 U.S.C. § 2254(e)(1); *Moore v. Mitchell*, 708 F.3d 760, 775 (6th Cir. 2013); *Mitzel v. Tate*, 267 F.3d 524, 530 (6th Cir. 2001). This presumption of correctness applies to factual findings made by a state court of appeals based on the state trial court record. *Mitzel*, 267 F.3d at 530. Here, the Ohio Eighth District Court of Appeals set forth the following facts:

> {¶ 1} Defendant-appellant/cross-appellee, Warren Durham, appeals his multiple convictions in relation to the rape and kidnapping of four women in 1993 and 1995 and his sentence. ***
>
> {¶ 2} In 2013, Durham was charged with ten counts of rape, six counts of kidnapping, and one count of gross sexual imposition. One rape and one kidnapping charge included three-year firearm specifications. The trial court denied a pretrial motion to dismiss based on preindictment delay and a motion for separate trials. The matter proceeded to a jury trial at which three of the four victims testified; the fourth victim died prior to trial.
>
> {¶ 3} The jury convicted Durham of five counts of rape, five counts of kidnapping, one count of gross sexual imposition, and the attendant firearm specifications. The trial court found that some of the counts were allied offenses of similar import and the state elected to proceed to sentencing on Count 2, rape; Count 6, rape; Count 13, rape; and Count 15, rape with a three-year firearm specification. During the sentencing hearing, the trial court erroneously stated that Count 15 had a one-year firearm specification. The trial court sentenced Durham to a total of 41 years in prison.

*State v. Durham*, 2016 WL 6139243, at *1 (Ohio Ct. App.) ("*Durham I*"); (Ex. 14, Doc. 8-1, at 86-87).

## PROCEDURAL HISTORY

<u>State Court Conviction</u>

In September 2013, a Cuyahoga County Grand Jury issued an indictment charging Petitioner with ten counts of rape (Counts 1-2, 5-7, 10-11, 13, and 15-16); one count of gross sexual imposition (Count 3); and six counts of kidnapping (Counts 4, 8-9, 12, 14, and 17). (Ex. 1, Doc. 8-1, at 5-11). Counts 15 through 17 carried three-year firearm specifications. *Id.* at 9-11. Petitioner, through counsel, pleaded not guilty. (Ex. 2, Doc. 8-1, at 12).

On January 8, 2014, Petitioner moved to dismiss the indictment due to pre-indictment delay. (Ex. 3, Doc. 8-1, at 13-19). The State opposed (Ex. 4, Doc. 8-1, at 22-30), and the trial court ultimately denied the motion (Ex. 5, at Doc. 8-1, at 32).

2

During the June 2015 jury trial, the State dismissed Counts 5, 7, 10, 11, and 12. *See* Ex. 6, Doc. 8-1, at 33. The jury found Petitioner guilty of six counts of rape (Counts 2, 6, 13, 15, 16, 17), the single count of gross sexual imposition (Count 3), and four counts of kidnapping (Counts 4, 8, 9, 17); the jury found Petitioner not guilty of one count of rape (Count 1), and one count of kidnapping (Count 14). (Ex. 7, Doc. 8-1, at 34). He was also found guilty of the firearm specifications attached to Counts 15 through 17. *Id*.

The trial court sentenced Petitioner on July 15, 2015. (Ex. 8, Doc. 8-1, at 35). The court designated Petitioner a sexually oriented offender and merged Counts 2,3, and 4 as allied offenses of similar import for sentencing purposes. *Id*.; *see also* (Doc. 9, at 1107) (sentencing transcript, volume 5). The State elected to proceed to sentencing on Counts 2, 6, 13, at 15. *Id*. The court sentenced Petitioner to ten years on each of the four Counts (to be served consecutively), and an additional year for the firearm specification attached to Count 15; this resulted in an aggregate term of 41 years imprisonment. *Id*.

Direct Appeal

On August 7, 2015, the State filed a timely notice of appeal to the Ohio Eighth District Court of Appeals, Cuyahoga County. (Ex. 9, Doc. 8-1, at 38). The following week, Petitioner, through counsel, also filed a notice of appeal. (Ex. 10, Doc. 8-1, at 48).[1]

Petitioner raised the following assignments of error on appeal:

1. The trial court committed error when it imposed consecutive sentences without making the findings required by R.C. 2929.14(C)(4) and, in fact, could not have made the findings.

2. The trial court erred when it denied Mr. Durham's motion to inspect grand jury proceedings.

---

1. The Eighth District Court of Appeals consolidated the two appeals into a single case. (Ex. 11, Doc. 8-1, at 54).

3

(Ex. 12, Doc. 8-1, at 56-68). The State filed a brief in opposition to Petitioner's assignments of error and raised a single cross-assignment of error:

> 1. The trial court imposed a sentence contrary to Ohio law as it was required to impose a sentence consistent with the law in effect at the time of the offense. In imposing a sentence under H.B. 86, the court imposed a sentence contrary to the General Assembly's express intent.

(Ex. 13, Doc. 8-1, at 70-83) (capitalization altered).

On October 20, 2015, Petitioner filed a *pro se* motion (with the trial court) to inspect grand jury proceedings. (Ex. 18, Doc. 8-1, at 107-15). The State opposed (Ex. 19, Doc. 8-1, at 118-23), and on October 27, 2015, the trial court summarily denied the motion (Ex. 20, Doc. 8-1, at 124). On December 14, 2015, Petitioner filed a notice of appeal to the Eighth District Court of Appeals. (Ex. 21, Doc. 8-1, at 125). The court *sua sponte* dismissed the appeal as untimely (Ex. 22, Doc. 8-1, at 128), and denied Petitioner's subsequent request (Ex. 23, Doc. 8-1, at 129-40) for reconsideration (Ex. 24, Doc. 8-1, at 142). On March 21, 2016, Petitioner filed a notice of appeal to the Ohio Supreme Court. (Ex. 25, Doc. 8-1, at 143-44). In his memorandum in support of jurisdiction, he argued the trial court denied him due process when it failed to notify him of its denial of his motion (thereby denying him the opportunity to timely appeal). (Ex. 26, Doc. 8-1, at 146-50). The Ohio Supreme Court declined to accept jurisdiction. (Ex. 27, Doc. 8-1, at 155).

On October 20, 2016, the Eighth District Court of Appeals overruled the State's sole assignment of error. *Durham I*, 2016 WL 6139243, at *1; (Ex. 14, Doc. 8-1, at 87-89). However, in examining the error, the court *sua sponte* determined Petitioner's sentence was contrary to law because the trial court sentenced him to only one year on a three-year firearm specification. *Durham I*, 2016 WL 6139243, at *2-3; (Ex. 14, Doc. 8-1, at 89-91). The court also sustained Petitioner's first assignment of error (regarding consecutive sentence findings) and overruled his second (regarding grand jury transcripts). *Durham I*, 2016 WL 6139243, at *3; (Ex. 14, Doc. 8-1,

4

at 91-94). The court remanded the case for the limited purposes of: 1) resentencing on the firearm specification; and 2) determining whether consecutive sentences were appropriate and, if so, to incorporate the statutorily-required findings into the sentencing entry. *Durham I*, 2016 WL 6139243, at *5; (Ex. 14, Doc. 8-1, at 95).

On December 2, 2016, Petitioner, through counsel, filed a timely notice of appeal to the Ohio Supreme Court. (Ex. 15, Doc. 8-1, at 96-97). In his memorandum in support, he raised the following proposition of law:

> 1. When a trial court orders the imposition of consecutive sentences but does not make the findings required by R.C. 2929.14(C)(4) to authorize consecutive sentences, the sentences are in fact concurrent and an appellate court may not remand the case to give the trial court a second chance to impose consecutive sentences.

(Ex. 16, Doc. 8-1, at 98-105).[2] On July 5, 2017, the Ohio Supreme Court declined to accept jurisdiction. (Ex. 17, Doc. 8-1, at 106).

Ohio App. R. 26(B) Application to Reopen Direct Appeal

On November 14, 2016, Petitioner, *pro se*, filed an Ohio Appellate Rule 26(B) application to reopen his appeal. (Ex. 28, Doc. 8-1, at 156). Therein, he asserted his appellate counsel was ineffective for failing to raise a pre-indictment delay claim and a Confrontation Clause claim on direct review. *Id.* at 157-69.[3] The State opposed (Ex. 29, Doc. 8-1, at 218-26), and on March 7,

---

2. On March 16, 2017, Petitioner filed an untimely *pro se* notice of appeal to the Supreme Court of Ohio regarding the appellate court's October 2016 judgment. (Ex. 38, Doc. 8-1, at 331-32). In a simultaneous motion for delayed appeal, Petitioner stated the mailroom at Noble Correctional Institution never mailed his notice of appeal after it incorrectly found he did not have the necessary 99-cent postage. (Ex. 39, Doc. 8-1, at 333-35). He asserted he attempted to mail it on October 28, 2016 and did not learn it had not been mailed until February 2017. *Id.* at 334. On May 17, 2017, the Ohio Supreme Court denied Petitioner's motion for a delayed appeal and dismissed the case. (Ex. 40, Doc. 8-1, at 355).

3. On January 20, 2017, Petitioner, *pro se*, filed a second Ohio Appellate Rule 26(B) application, arguing the same points as he did in the first. (Ex. 30, Doc. 8-1, at 228-42). On March 7, 2017, the

2017, the Eighth District Court of Appeals denied the application, *State v. Durham*, 2017 WL 1034560, at *1-2 (Ohio Ct. App.) ("*Durham II*"); (Ex. 31, Doc. 8-1, at 243-50).

On April 13, 2017, Petitioner, *pro se*, timely filed a notice of appeal to the Ohio Supreme Court. (Ex. 33, Doc. 8-1, at 252-53). In his memorandum in support, Petitioner set forth two propositions of law:

> 1. The appellant was denied the effective assistance of appellate counsel on his direct appeal for failure to raise his constitutional right to due process of law for pre-indictment delay.
>
> 2. The appellant was denied the effective assistance of appellate counsel on his direct appeal for failure to raise his constitutional right under the Confrontation Clause and trial court error.

(Ex. 34, Doc. 8-1, at 254-66) (capitalization altered). On June 21, 2017, the Ohio Supreme Court declined to accept jurisdiction. (Ex. 35, Doc. 8-1, at 274).

On September 18, 2017, Petitioner filed a petition for a writ of certiorari to the United States Supreme Court. (Ex. 36, Doc. 8-1, at 280-300). The United States Supreme Court denied the petition on January 19, 2018. (Ex. 37, Doc. 8-1, at 330).

Resentencing

On February 26, 2018, Petitioner returned to the trial court for resentencing. (Ex. 41, Doc. 8-1, at 356-57). The trial court imposed a three-year sentence for the firearm specification attached to Count 15 and articulated its reasons for imposing consecutive sentences, incorporating them into the sentencing entry, as mandated by the Eighth District Court of Appeals. *Id.*; *see also Durham I*, 2016 WL 6139243, at *4-5; (Ex. 14, Doc. 8-1, at 93-95).

---

Eighth District Court of Appeals denied it, noting successive applications are not permitted. (Ex. 32, Doc. 8-1, at 251).

**FEDERAL HABEAS CORPUS**

Petitioner timely filed the instant habeas petition on April 4, 2018[4]. (Doc. 1). As Respondent points out, Petitioner does not specifically list grounds for relief. In his Answer, Respondent identified five potential grounds and, after a careful read of the Petition, the Court agrees with Respondent's characterization. *See* Doc. 8, at 7. Further, in his Reply, Petitioner also agrees with Respondent's characterization of his grounds for relief and elaborates slightly on each. *See* Doc. 10, at 1. The five grounds for relief[5] are:

> **GROUND ONE**: Pre-Indictment Delay – The Fifth and Fourteenth Amendment[s] to the United States Constitution provide that it is unconstitutional for the State or Government to unreasonably and prejudicially delay the prosecution of a defendant.
>
> **GROUND TWO:** Ineffective Assistance of Appellate Counsel – The Due Process Clause of the Fourteenth Amendment guarantees a criminal defendant the effective assistance of counsel on his first appeal as of right . . . The appointed appellate counsel never raised the issue of pre-indictment delay or Confrontation Clause.
>
> **GROUND THREE:** Confrontation Clause – The issue here[] is that an alleged rape victim, CT[,] died sometime in 2014, prior to Durham's criminal trial in June of 2015, *inter alia*, there was never an opportunity, either face to face, nor a prior opportunity to cross-examine CT.
>
> **GROUND FOUR:** Due Process – The Petitioner was denied due process of law when denied process for notice of an appealable order. . . [T]he Petitioner was not given notice that the trial court had denied his [second] motion [for grand jury testimony] on October 27, 2015.
>
> **GROUND FIVE:** Due Process – The trial court erred when it denied Petitioner's motion for an in camera inspection of the grand jury proceeding[s] post trial, to demonstrate a fundamental miscarriage of justice. The Due Process Clause of the Fifth and Fourteenth Amendment[s] [are] violated when a defendant has to stand

---

4. Pursuant to the federal prison mailbox rule, a *pro se* prisoner's pleading "is deemed filed when the inmate gives the document to prison officials to be mailed." *In re: Prison Litig. Reform Act*, 105 F.3d 1131, 1132 (6th Cir. 1997) (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988)). *See* Doc. 1, at 34 (representing Petition mailed on April 4, 2018).

5. Although Petitioner did not number these grounds for relief in the Petition, the undersigned does so here for clarity.

>trial on an indictment which the state knows is based partially on perjured testimony by the grand jury witnesses, called upon the State prosecutor.

*See* Doc. 1, at 11, 15-16, 20, 22-24 (capitalization altered); *see also* Doc. 10. As noted, Respondent filed an Answer to the Petition (Doc. 8)[6], and Petitioner filed a Reply (Doc. 10).

## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "dictates a highly deferential standard for evaluating state-court rulings which demands that state-court decisions be given the benefit of the doubt." *Bell v. Cone*, 543 U.S. 447, 455 (2005) (internal citation and quotation omitted). An application for habeas corpus cannot be granted for a person in custody pursuant to a state conviction unless the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d). Thus, a court may grant habeas relief if the state court arrives at a conclusion that is contrary to a decision of the Supreme Court on a question of law, or if the state court decides a case differently than did the Supreme Court on a materially indistinguishable set of facts. *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

The appropriate measure of whether a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-11; *see also Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir. 2000). "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 102

---

6. Respondent also filed a Supplement containing the transcripts from Petitioner's trial and sentencing. (Doc. 9).

(2011). To obtain "habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

## DISCUSSION

For the reasons contained herein, the undersigned concludes Grounds Four and Five do not raise cognizable claims on habeas review, Grounds One and Three are procedurally defaulted, and Ground Two lacks merit. Thus, the undersigned recommends the Petition (Doc. 1) be denied in its entirety.

Non-cognizable Claims: Grounds Four and Five

Petitioner's challenges in Grounds Four and Five surround his postconviction motion. Specifically, in Ground Four, Petitioner asserts he was denied due process of law because he was not given notice that the trial court had denied a second motion for grand jury testimony on October 27, 2015. (Doc. 1, at 22-23). In Ground Five, Petitioner alleges he was denied due process when the trial court denied him an in camera inspection of the grand jury transcripts. (Doc. 1, at 24-33). Thus, Ground Four alleges a procedural error in the handling of a postconviction motion, and Ground Five challenges the trial court's denial of the motion itself. Respondent contends Grounds Four and Five are not cognizable on habeas review because they assert errors in postconviction proceedings. (Doc. 8, at 10). The undersigned agrees.

"It is clear, not only from the language of . . . 2254(a), but also from the common-law history of the writ, that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). States have no federal constitutional

9

obligation to provide postconviction remedies, *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987), and the Sixth Circuit has thus held that "habeas corpus cannot be used to challenge errors or deficiencies in state postconviction proceedings." *Davis v. Burt*, 100 F. App'x 340, 351 (6th Cir. 2004) (citing *Alley v. Bell*, 307 F.3d 380, 386–87 (6th Cir. 2002)); *Kirby v. Dutton*, 794 F.2d 245, 247–48 (6th Cir. 1986); *see also Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007) ("the writ is not the proper means" to challenge "collateral matters" as opposed to "the underlying state conviction giving rise to the prisoner's incarceration") (internal citations omitted).

Because Ground Four challenges the trial court's procedural handling of Petitioner's postconviction motion, it is not cognizable on habeas review. And, even assuming Petitioner's allegations regarding lack of notice are true, the underlying claim (presented in Ground Five) – that the trial court erred in denying his postconviction motion for an in camera review of the grand jury transcripts – is similarly not cognizable on review. Thus, because both Grounds Four and Five address postconviction matters, they should be denied as non-cognizable. *See Cress*, 484 F.3d at 853.

Further, to the extent Petitioner's Ground Five challenges the indictment itself, the Sixth Circuit has held that, "[b]eyond notice, a claimed deficiency in a state criminal indictment is not cognizable on federal collateral review." *Roe v. Baker*, 316 F.3d 557, 570 (6th Cir. 2002) (citing *Mira v. Marshall*, 806 F.2d 636, 639 (6th Cir. 1986)). Where an indictment has sufficient information to provide a petitioner with adequate notice of the charges against him and the opportunity to defend and protect himself against future prosecution for the same offense, the indictment satisfies the Due Process Clause's notice requirement. *Mira*, 806 F.2d at 639. Due process only requires "that the offense be described with some precision and certainty so as to apprise the accused of the crime with which he stands charged." *Koontz v. Glossa*, 731 F.2d 365,

10

369 (6th Cir. 1984). Therefore, absent a due process notice violation, a federal court cannot rule on a petitioner's claimed deficiencies in a state indictment. Here, because there is no indication Petitioner's indictment failed to satisfy the notice requirement, Ground Five is also not cognizable to the extent it challenges the underlying indictment itself .

For these reasons, the undersigned recommends Grounds Four and Five be denied as non-cognizable.

Procedurally Defaulted Claims: Grounds One and Three

Respondent contends Grounds One (pre-indictment delay) and Three (Confrontation Clause) are procedurally defaulted because Petitioner did not raise them on direct appeal, instead raising them for the first time in a Rule 26(B) application. Petitioner argues his appellate counsel was ineffective for failing to raise these issues on direct appeal and contends he therefore did not default these claims. For the following reasons, the undersigned agrees with Respondent and finds Grounds One and Three procedurally defaulted.

Procedural default occurs when a petitioner fails to fairly present his claims in a federal constitutional context to the highest state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). In Ohio, "'one complete round' of the state's appellate review system" means a defendant must fairly present his constitutional claims, on the record, to the trial court, the court of appeals, and the Supreme Court of Ohio on direct appeal. *Caver v. Straub*, 349 F.3d. 340, 346 (6th Cir. 2003) (quoting *O'Sullivan*, 526 U.S. at 845). This is to "[alert] [the state court] to the fact that the prisoner[] [is] asserting claims under the United States Constitution." *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (internal quotation marks omitted) (citations omitted). In order to accomplish this, a petitioner must fairly present the substance of his

federal constitutional claims to the state courts before seeking relief in the federal courts. *Whitings v. Burt*, 395 F.3d 602, 612 (6th Cir. 2005) (citing *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

Additionally, "the doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). A claim cannot rest on a legal theory which is separate and distinct from the one previously considered and rejected in state court. *Id.*; *see also Williams v. Wolfenberger*, 513 F. App'x 466, 468 (6th Cir. 2013) ("To satisfy this requirement, the petitioner must argue his claim under the same legal theory that was presented to the state courts.").

If the State argues a petitioner has procedurally defaulted his claims, the Court must conduct a four-step analysis to determine whether the petitioner has indeed defaulted and, if so, whether the procedural default may be excused:

1. The Court determines whether there is a procedural rule applicable to the claim at issue, and whether the petitioner in fact failed to follow it;

2. The Court then determines whether the state courts actually enforced their procedural sanction;

3. The Court then decides whether the state's procedural forfeit is an "adequate and independent ground" on which the state can rely to foreclose federal review; and

4. Finally, in order to avoid default, the petitioner can demonstrate that there was "cause" for him to neglect the procedural rule, and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

Demonstrating "cause" requires a petitioner to "show that 'some objective factor external to the defense' prevented the petitioner's compliance with a state procedural rule." *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Demonstrating prejudice requires a petitioner to show "not merely that the errors at his trial created

a *possibility* of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

A procedural default will also be excused if the petitioner demonstrates that not excusing the default "will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The Supreme Court has held that such an inquiry requires a petitioner "supplement[ ] a constitutional claim with a 'colorable showing of factual innocence.'" *McCleskey v. Zant*, 499 U.S. 467, 495 (1991) (quoting *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986)). Maintaining this exception to the rule against reviewing procedurally defaulted claims serves as "an additional safeguard against compelling an innocent man to suffer an unconstitutional loss of liberty". *Id.* (quoting *Stone v. Powell*, 428 U.S. 465, 492-93 (1976)).[7]

Here, Petitioner raised the substance of Grounds One (pre-indictment delay) and Three (Confrontation Clause) for the first time in his Ohio Rule 26(B) application to reopen - not on direct appeal as required. (Ex. 28, Doc. 8-1, at 159-68). In Ohio, claims based on the trial record must be raised on direct appeal, otherwise, *res judicata* bars their litigation in subsequent state proceedings. *Seymour v. Walker*, 224 F.3d 542, 555 (6th Cir. 2000). Ohio's limitations on the scope of post-conviction relief, including *res judicata*, are an adequate and independent state ground on which Ohio can foreclose review of a federal claim. *Id.*; *Byrd v. Collins*, 209 F.3d 486, 521 (6th Cir. 2000); *Norris v. Schotten*, 146 F.3d 314, 332 (6th Cir. 1998).

In his Rule 26(B) application, Petitioner asserts his appellate counsel was ineffective for failing to raise these issues. However, the only claims preserved in a Rule 26(B) application are

---

7. Petitioner does not argue actual innocence here, nor has he presented the type of evidence necessary to raise such a claim.

claims of ineffective assistance of appellate counsel – not the substance of the underlying claim itself. *See Wogenstahl v. Mitchell*, 668 F.3d 307, 338 (6th Cir. 2012) ("Wogenstahl's Rule 26(B) motions preserved for *habeas* review only his [ineffective assistance of appellate counsel] arguments, not the underlying substantive arguments."). Thus, Grounds One and Three are procedurally defaulted unless Petitioner can show cause and prejudice (or a miscarriage of justice) to overcome the default. As noted above, Petitioner seemingly argues ineffective assistance of appellate counsel as cause to overcome his default. A valid and properly preserved claim of ineffective assistance of counsel may serve as cause to overcome a defaulted claim. *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); *see also Goldberg v. Maloney*, 692 F.3d 534, 537 (6th Cir. 2012). However, for the reasons discussed below at Ground Two, Petitioner cannot rely on ineffective assistance of appellate counsel as cause to overcome this default.

Thus, for these reasons (combined with those below), the undersigned recommends Grounds One and Three be denied as procedurally defaulted.

Merits Review: Ground Two

As discussed, the underlying substantive claims are procedurally defaulted unless Petitioner can show cause and prejudice such to overcome the default. As cause to overcome the default, and as an independent ground for relief (Ground Two), Petitioner alleges his appellate counsel was ineffective for failing to raise the issue of pre-indictment delay (contained in Ground One) and a Confrontation Clause violation (contained in Ground Three). (Doc. 1, at 16-17). Petitioner properly preserved his ineffective assistance of appellate counsel claim for habeas review by fully exhausting the claim before all levels of the Ohio courts. *See* Ex. 28, Doc. 8-1, at 15-69; *see also* Ex. 33, Doc. 8-1, at 254-66. For the following reasons, the undersigned finds Ground Two is meritless and recommends it be denied; as such, Petitioner is also unable to rely

14

on ineffective assistance of appellate counsel to overcome the procedural default of Grounds One and Three.

In order to establish a claim of ineffective assistance of counsel, a defendant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The test applies to appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). An appellate attorney need not advance every argument, regardless of merit, urged by the appellant. *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983) ("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues."). "In order to succeed on a claim of ineffective assistance of appellate counsel, a petitioner must show errors so serious that counsel was scarcely functioning as counsel at all and that those errors undermine the reliability of the defendant's convictions." *McMeans v. Brigano*, 228 F.3d 674, 682 (6th Cir. 2000).

The Eighth District Court of Appeals reviewed Petitioner's ineffective assistance of appellate counsel claims and, citing *Strickland*, explained why it found them without merit:

> {¶4} Herein, Durham raises two proposed assignments of error in support of his claim of ineffective assistance of appellate counsel. Through his initial proposed assignment of error, Durham argues that appellate counsel was ineffective by failing to raise the issue of preindictment delay on appeal. Durham argues that "[he] was not arrested until 25 November 2013 at his Arrignment [sic], which constitutes more than 20–years of pre-indictment delay."
>
> {¶5} The Supreme Court of Ohio, in *State v. Jones*, Slip Opinion No. 2016–Ohio–5105, established that:
>
>> This court has stated succinctly that preindictment delay violates due process only when it is unjustifiable and causes actual prejudice: "An unjustifiable delay between the commission of an offense and a defendant's indictment therefor, which results in actual prejudice to the defendant, is a violation of the right to due process of law" under the United States and Ohio Constitutions. *State v. Luck*, 15 Ohio St.3d 150, 15 Ohio B. 296, 472 N.E.2d 1097 (1984), paragraph two of the syllabus.

> And we have firmly established a burden-shifting framework for analyzing a due-process claim based on preindictment delay. Once a defendant presents evidence of actual prejudice, the burden shifts to the state to produce evidence of a justifiable reason for the delay. *State v. Whiting*, 84 Ohio St.3d 215, 217, 1998–Ohio–575, 702 N.E.2d 1199 (1998); *State v. Adams*, 144 Ohio St.3d 429, 2015–Ohio–3954, 45 N.E.3d 127, ¶ 99.

*Id.* at ¶ 12.

{¶6} Herein, Durham has failed to establish the existence of any harm that occurred as a result of preindictment delay. Specifically, Durham has failed to identify any missing evidence or unavailable testimony, which resulted from the preindictment delay, that would have minimized or eliminated the impact of the state's evidence and thus aided Durham's defense at trial. Durham has failed to establish that he was prejudiced by the failure of appellate counsel to argue the issue of preindictment delay on appeal.

{¶7} Through his second proposed assignment of error, Durham argues that appellate counsel was ineffective by failing to challenge the admission of testimony from a hospital emergency room registered nurse, who treated C.T., a rape victim. During the course of trial, the registered nurse testified that she reviewed the hospital records of C.T.'s treatment in the emergency room and opined that:

> It says: Patient admitted ambulatory to the emergency room. No. 12 is the treatment area. States, "I was raped at 11 p.m. last night." Police here with patient on arrival. Patient is alert and oriented and cooperative. States at 10:30 or 11 p.m. was taking garbage out at home when an assault took place. States vaginal intercourse only took place. The MARKit sexual assault evidence collection kit was used per protocol. That's just the brand name of the sexual assault kit.

Tr. 893.

{¶8} The Supreme Court of Ohio has firmly established that statements made to medical personnel for the purpose of diagnosis or treatment, are admissible at trial because "they are not even remotely related to the evils that the Confrontation Clause was designed to avoid." *State v. Muttart*, 116 Ohio St.3d 5, 2007–Ohio–5267, 875 N.E.2d 944, ¶ 63. In addition, the Supreme Court of Ohio has held that the statements of a rape victim, made to medical personnel during examination and treatment at a hospital, are admissible at trial even if the victim is unavailable for cross-examination. *State v. Stahl*, 111 Ohio St.3d 186, 2006–Ohio–5482, 855 N.E.2d 834.

{¶9} Herein, the statements made by C.T. to the medical personnel, during the emergency room examination, were made primarily for the purpose of medical examination and treatment, and thus admissible at trial. It must also be noted that the statements of C.T., contained in the hospital medical records, were admissible pursuant to Evid.R. 803(4), because the statements were made for the purpose of

16

> medical diagnosis and treatment. *State v. Diaz*, 8th Dist. Cuyahoga No. 103878, 2016–Ohio–5523; *State v. Bowleg*, 8th Dist. Cuyahoga Nos. 100263 and 100264, 2014–Ohio–1433. Durham has failed to establish that he was prejudiced by the failure of appellate counsel to challenge the admission of testimony from a hospital emergency room registered nurse, who treated C.T., a rape victim.

*Durham II*, 2017 WL 1034560, at *1-2; (Ex. 31, Doc. 8-1, at 247-49).

As to his first assignment of error (pre-indictment delay – Ground One here), the appellate court concluded Petitioner could not demonstrate he was prejudiced by counsel's failure to raise this issue. Specifically, he could not "identify any missing evidence or unavailable testimony, which resulted from the preindictment delay" which would have aided his defense at trial. *Durham II*, 2017 WL 1034560, at *2; (Ex. 31, Doc. 8-1, at 248). This is not contrary to, or an unreasonable application of, federal law as a dismissal for pre-indictment delay is warranted when the defendant shows both substantial prejudice to his right to a fair trial and that the delay was intentional such to gain a tactical advantage. *United States v. Brown*, 667 F.2d 566, 568 (6th Cir. 1982) ("Dismissal for pre-indictment delay is warranted only when the defendant shows substantial prejudice to his right to a fair trial and that the delay was an intentional device by the government to gain a tactical advantage.") (citing *United States v. Lovasco*, 431 U.S. 789-90 (1977)). Because Petitioner could not demonstrate he was prejudiced by the pre-indictment delay, he could not therefore be prejudiced by his appellate counsel's failure to raise the same meritless claim. The failure to raise an underlying claim in an appeal which would have been unsuccessful is not ineffective assistance of appellate counsel. *Meek v. Bergh*, 526 F. App'x 530, 534 (6th Cir. 2013).

The appellate court also found Petitioner's second assignment of error (Confrontation Clause, at Ground Three here) meritless. In so concluding, the appellate court cited "firmly established" state precedent which dictates that "statements made to medical personnel for the purpose of diagnosis or treatment, are admissible at trial because 'they are not even remotely related to the evils that the Confrontation Clause was designed to avoid.'" *Durham II*, 2017 WL

17

1034560, at *2; (Ex. 31, Doc. 8-1, at 249) (quoting *State v. Muttart*, 875 N.E.2d 944, 957 (Ohio 2007)). The appellate court's conclusion that the victim's statements to medical personnel were not testimonial statements, and thus not subject to the Confrontation Clause's protections, is not contrary to, nor an unreasonable application of, federal law. *See Giles v. California*, 554 U.S. 353, 376 (2008) ("[O]nly testimonial statements are excluded by the Confrontation Clause. Statements to . . . physicians in the course of receiving medical treatment would be excluded, if at all, only by hearsay rules[.]"). It was therefore not unreasonable for the appellate court to conclude Petitioner's appellate counsel was not ineffective for failing to raise a meritless issue. *Meek*, 526 F. App'x at 534. In Reply (Doc. 10), Petitioner argues the underlying merits of his ineffective assistance of appellate counsel claims but fails to argue how the State court's conclusion regarding pre-indictment delay or the Confrontation Clause was unreasonable.

For these reasons the undersigned recommends Ground Two be denied as meritless. And, for these same reasons, the undersigned recommends the Court find Petitioner cannot use ineffective assistance of appellate counsel as cause to overcome the default of his underlying substantive claims in Grounds One and Three. *See Edwards*, 529 U.S. at 451 (to serve as cause, ineffectiveness must rise to the level of a Sixth Amendment violation).

### CONCLUSION AND RECOMMENDATION

In sum, the undersigned concludes Grounds Four and Five do not raise cognizable claims on habeas review, Grounds One and Three are procedurally defaulted, and Ground Two lacks merit. Thus, following review, and for the reasons stated above, the Court recommends the Petition be DENIED.

s/ James R. Knepp, II
United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).