UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WARREN DURHAM, JR., *Pro Se*, ) | Case No.: 1:18 CV 795 |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | JUDGE SOLOMON OLIVER, JR. |
| ) | |
| WARDEN TIM BUCHANAN, ) | |
| ) | |
| Respondent ) | ORDER |

On April 9, 2018, in the above-captioned case *pro se* Petitioner Warren Durham, Jr. ("Petitioner" or "Durham") filed a Petition for Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Therein, he alleges five grounds for relief: pre-indictment delay in violation of the Fifth and Fourteenth Amendments ("Ground One"); ineffective assistance of appellate counsel ("Ground Two"); violation of the Confrontation Clause based on his inability to confront and cross-examine a witness who died prior to his criminal trial ("Ground Three"); denial of due process resulting from the trial court's alleged failure to give him notice of an appealable order ("Ground Four"); and denial of due process resulting from the trial court's denial of his motion for an in camera inspection of the transcripts from the grand jury proceedings ("Ground Five"). (Pet. at PageID #11, 15–16, 20, 22–24, ECF No. 1.)

On October 5, 2018, the court referred the case to Magistrate Judge James R. Knepp, II ("Judge Knepp" or the "Magistrate Judge"), pursuant to Local Rule 72.2, for preparation of a Report and Recommendation ("R & R"). (ECF No. 5.) Judge Knepp filed his R & R on March 26, 2020, recommending that the court deny Durham's Petition. (ECF No. 11.)

In the R & R, Judge Knepp recommends that the court deny Durham's Petition in its entirety because Grounds Four and Five are not cognizable on habeas review, Grounds One and Three are procedurally defaulted, and Ground Two lacks merit. (R & R at PageID #1640, ECF No. 11.) As to Grounds Four and Five, Judge Knepp concluded that these claims are not cognizable on habeas review because they raise challenges to the trial court's procedural handling of Durham's postconviction motion. (*Id.* at PageID #1641); *see Alley v. Bell*, 307 F.3d 380, 386–87 (6th Cir. 2002) (holding that habeas corpus cannot be used to challenge errors or deficiencies in state postconviction proceedings). Next, Judge Knepp found that Grounds One and Three were procedurally defaulted because Durham did not raise them on direct appeal. (R & R at PageID #1642.) He raised them in his Ohio Rule 26(B) application to reopen, and he could not show cause or prejudice (or miscarriage of justice) to overcome the default. (*Id.* at PageID #1642, 1644–45, 1648–49.) Finally, the Magistrate Judge found that Ground Two lacks merit because the Eight District Court of Appeals previously reviewed Durham's ineffective assistance of counsel claim and concluded it was meritless, and Durham has failed to show that the state court's conclusion was unreasonable. (*Id.* at PageID #1649.)

Objections to Judge Knepp's R & R were due on or before April 9, 2020. However, as of the date of this Order, no Objections have been filed. Accordingly, this matter is ripe for review.

The court finds, after careful *de novo* review of the R & R and all other relevant documents in the record, that the Magistrate Judge's conclusions are fully supported by the record and controlling case law. *See Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). Accordingly, the court adopts as its own Judge Knepp's R & R (ECF No. 11) in its entirety and denies Durham's Petition (ECF No. 1). The court also certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. *See* Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

April 22, 2020